PRICE LAW GROUP, APC
L Tegan Hurst
15760 Ventura Boulevard, Suite 1100
Encino, California 91436
Telephone: 866.775.3515
Facsimile: 818.205.3730
tegan@pricelawgroup.com

Attorney for Plaintiff
EMILY C. SULLIVAN

## DISTRICT COURT OF CALIFORNIA

## IN THE SOUTHERN DISTRICT

| | |
|---|---|
| EMILY C. SULLIVAN,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>LOAN ME, a corporation;<br>and DOES 1 to 10, inclusive,<br><br>　　　　　　　Defendant(s). | Case No.: **'15CV2311 MMANLS**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices)<br><br>Demand Does Not Exceed $10,000 |

## **COMPLAINT FOR DAMAGES**
### I.　　INTRODUCTION

1.　　Emily C. Sullivan ("Plaintiff") bring this action against Loan Me ("Defendant") for violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts, for violations of the Electronic Funds Transfer Act ("EFTA"), 15 USC §1693 et seq., which protects consumers when they use electronic means to manage their finances, and for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates

the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC")

## II.    JURISDICTION

2. Venue and personal jurisdiction in this District are proper because Plaintiff resides in this District, Defendant's collection communications were received by Plaintiff within this District and Defendant does or transacts business within this District.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. §1693m(g), which states that such actions may be brought and heard before "any United States district court…within one year from the date of the occurrence of the violation," as well as under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

## III.    PARTIES

4. Plaintiff is a natural person residing Oceanside, San Diego County, California 92054.

5. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiff is a "debtor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h).

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. §1692a(5).

8. In the ordinary course of business, regularly, Defendant extends credit creating a debt or to whom a debt is owed.  Thus, Defendant is a "creditor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c) as well as 15 U.S.C. §1692a(4).  Defendant regularly engages in the extension of debt in several states, including California.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.  Defendant engaged in "debt collection" as defined by the RFDCPA, Cal. Civ Code §1788.2(b).

10. Defendant is located in Anaheim, Orange County, CA and can be served by its registered agent, National Registered Agents, Inc. at 818 W. Seventh St. Suite 930 Los Angeles, CA 90017.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. Defendant assigns unpaid, outstanding accounts an account number.

13. Defendant sent bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiated contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

15. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV. **FACTUAL ALLEGATIONS**

16. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

17. Plaintiff's alleged debt is money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by RFDCPA, CAL. CIV. CODE § 1788.2(f).

18. From August 2015 through September 2015, Defendant repeatedly attempted to withdraw, or did withdraw funds from Plaintiff's bank account, after Plaintiff requested Defendant cease doing so.

19. Plaintiff contacted Defendant numerous times by telephone and via email to resolve the issue, including but not limited to September 4, 2015; September 8, 2015; and

September 11, 2015, but Defendant continued to attempt to withdraw money from Plaintiff's bank account, causing Plaintiff to be charged with numerous overdraft fees.

20. All withdrawals were from Plaintiff's personal checking account.

21. If Plaintiff had ever provided Defendant with written authorization to authorize the automatic payment in prior transactions, Plaintiff revoked such authorization repeatedly, on several occasions.

22. To date, Defendant has withdrawn approximately $351.09 from Plaintiff's personal checking account, and has caused additional overdraft fees to be charged against the account.

23. Between the dates of September 3, 2015 and September 17, 2015, Defendant caused Plaintiff's cellular telephone number (760) 445-7121 to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

24. Between the dates of September 3, 2015 and September 17, 2015, Defendant caused Plaintiff's cellular telephone to ring approximately eight (8) times, calling from telephone numbers (760) 230-4983; (323) 652-4618; (408) 329-1395; (562) 217-4568; and (844) 774-7368.

25. Upon information and belief, the telephone numbers (760) 230-4983; (323) 652-4618; (408) 329-1395; (562) 217-4568; and (844) 774-7368 belong to Defendant.

26. Upon Information and belief, Defendant did not have express written consent to contact Plaintiff on her cellular telephone number (760) 445-7121.

27. However, despite not having express consent to contact her on her personal cellular telephone or work telephone, Plaintiff answered the phones and instructed Defendant to cease all communications with Plaintiff.

28. When Plaintiff answered the collection call, Plaintiff heard a pause before the agent began to speak, indicating that the calls originated from a computer system.

29. The purpose of the repeated phone calls was an attempt to collect an alleged debt.

30. Defendant is familiar with the FDCPA and RFDCPA.

31. Defendant's conduct as described above was intended to harass, coerce, and intimidate Plaintiff into payment of the alleged debt, or to increase the amount Plaintiff was willing to pay.

32. Defendant's conduct as described in detail above amounts to a false, deceptive or misleading representation or means in connection with collection of the alleged debt.

33. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

## V. CAUSE OF ACTION

## COUNT I
## DEFENDANT VIOLATED THE ELECTRONIC FUND TRANSFER ACT

34. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

35. Section 907(a) of the EFTA, 15 U.S.C. §1693(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing and a copy of such authorization shall be provided to the consumer when made."

36. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

37. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

38. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

39. Defendant continued to debit Plaintiff's checking account on a recurring basis after receiving notification from Plaintiff revoking any prior authorization, without obtaining a written authorization signed or similarly authenticated from Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

40. Defendant debited Plaintiff's checking account on a recurring basis after receiving notification from Plaintiff revoking any prior authorization, without providing to Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

//
//
//
//
//

## COUNT II

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227

41.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.   Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a)   Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)   Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowingly and/or willfully violated the TCPA.

43.   As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

//
//
//

# COUNT III
# DEFENDANT VIOLATED THE ROSENTHAL
# FAIR DEBT COLLECTION PRACTES ACT, CAL. CIV. CODE § 1788

44. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

45. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(ii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

(iii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(iv) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect a debt or obtain information about a consumer; and

(v) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

46. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

//

47. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and attorney's fees and costs.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Emily Sullivan respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(b) Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); and

(c) Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and pursuant to the Electronic Fund Transfer Act, §916(a)(3); and

(d) Actual damages pursuant to the Electronic Fund Transfer Act, §916(a)(1);

(e) Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

(f) Statutory Damages of $1,000.00 pursuant to 15 U.S.C. 1692k; and

(g) Actual Damages pursuant to 15 U.S.C. 1692k(a)(1); and

(h) Statutory Damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(i) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(j) For such other and further relief as the Court may deem just and proper.

//

//

# VII. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: October 14, 2015          PRICE LAW GROUP, APC


By: /s/ L Tegan Hurst
    L Tegan Hurst
    **Attorney for Plaintiff**
    **Emily C. Sullivan**